IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CARLOS SATIZABAL, ) | |
| ) | |
| Petitioner, ) | |
| ) | CIVIL ACTION |
| v. ) | NO. 06-cv-1435 |
| ) | |
| LOUIS FOLINO, et al., ) | |
| ) | |
| Respondents. ) | |

FILED
JUN 19 2007
MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

## MEMORANDUM OPINION AND ORDER

RUFE, J.                                                                                   June 18, 2007

Before the Court are Petitioner Carlos Satizabal's Petition for Writ of Habeas Corpus filed under 28 U.S.C. § 2254, Respondents' Response thereto, U.S. Magistrate Judge Linda K. Caracappa's Report and Recommendation ("R&R") recommending that the Petition for Writ of Habeas Corpus be denied, Petitioner's Objections to the R&R, and the Response to Petitioner's Objections. For the reasons that follow, the Court will approve and adopt Judge Caracappa's R&R, thereby denying the Petition for Writ of Habeas Corpus, but will issue a Certificate of Appealability on the limited issue of equitable tolling.

## I.    PROCEDURAL HISTORY

On September 12, 2001, the Honorable Eugene Maier of the Philadelphia Court of Common Pleas sentenced Petitioner to twenty to forty years' imprisonment, and a consecutive term of nine years' probation, after a jury found Petitioner guilty of aggravated assault, attempted murder, possession of an instrument of crime, and two counts of recklessly endangering another person.[1] Petitioner filed a timely notice of appeal, and the Superior Court of Pennsylvania affirmed

---

[1] Resp. to Pet. for Writ of Habeas Corpus ¶ 3.

Petitioner's sentence on November 4, 2002.[2]

Petitioner did not seek review from the Pennsylvania Supreme Court, and instead filed a Post Conviction Relief Act ("PCRA") petition on February 16, 2003.[3] The PCRA court denied the petition on April 27, 2004, finding that the petition was without merit, and continued the matter for dismissal.[4] The following day, the PCRA court issued a notice under Pennsylvania Rule of Criminal Procedure 907 informing Petitioner of the court's intention to dismiss the PCRA petition.[5] On June 29, 2004, the PCRA court entered an order formally dismissing the petition.[6] Petitioner had thirty days to appeal the PCRA court's ruling, but failed to timely appeal.

On August 8, 2004, Petitioner filed a <u>nunc pro tunc</u> motion for an extension of time to file a notice of appeal, and the PCRA court granted this petition on August 24, 2004.[7] Petitioner subsequently filed his notice of appeal on August 31, 2004.[8] On July 29, 2005, the Superior Court of Pennsylvania quashed Petitioner's appeal.[9] The Superior Court found that the appeal was untimely and that the PCRA court lacked jurisdiction even to consider Petitioner's request for an

---

[2] Pet'r's Br. in Support of Pet. for Writ of Habeas Corpus, at 2.

[3] Resp. to Pet. for Writ of Habeas Corpus ¶ 5, 6.

[4] Id. ¶ 7.

[5] Id.

[6] Id. ¶ 8.

[7] Id. ¶ 9.

[8] Id. ¶ 11.

[9] Id. ¶ 12.

extension of time to file a notice of appeal.[10] On March 8, 2006, the Pennsylvania Supreme Court denied Petitioner's request for allocatur.[11]

On April 5, 2006, Petitioner filed the instant habeas corpus petition claiming that: (1) the trial court violated Petitioner's right to due process when it ruled that he could not present evidence of another motive to shoot the victim; (2) appellate counsel was ineffective on direct appeal; and (3) trial counsel was ineffective for failing to preserve Petitioner's claim that the verdict was against the weight of the evidence.[12]

## II.  TIMELINESS

As set forth in the R&R, the substantive grounds of the Petition for Writ of Habeas Corpus need not be examined because Petitioner's claims are time barred under 28 U.S.C. § 2244(d), and Petitioner is not entitled to statutory or equitable tolling.

### A.  Statute of Limitations and Statutory Tolling

28 U.S.C. § 2244(d)(1) provides:

> A 1-year period of limitation shall apply to an applicant for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by the State action in violation of the Constitution or laws of the United States is

---

[10] Id.

[11] Id. ¶ 13.

[12] Id. ¶ 14.

removed, if the applicant was prevented from filing by such State action. . . .[13]

This statute also includes a tolling exception which provides that "[t]he time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."[14] A "properly filed application" is "one submitted according to the state's procedural requirements, such as the rules governing the time and place of filing."[15] If a petitioner files an out of time application and the state court dismisses it as time-barred, then it is not deemed to be a "properly filed application" for tolling purposes.[16]

Here, Petitioner's one-year limitations period in which to file a § 2254 habeas petition began running on December 4, 2002—the day after Petitioner's opportunity to file a direct appeal with the Pennsylvania Supreme Court expired. Accordingly, Petitioner originally had until December 3, 2003, to file his federal habeas petition. After seventy-four days of the one-year limitations period had passed, Petitioner filed his PCRA petition on February 16, 2003, thereby subjecting the December 3, 2003 habeas deadline to statutory tolling under 28 U.S.C. § 2244(d)(2). The PCRA court dismissed the petition on June 29, 2004, and Petitioner had thirty days to file a notice of appeal with the Superior Court. Petitioner failed to file a notice of appeal within this thirty-day period, but the PCRA court nonetheless granted Petitioner's August 8, 2004 motion for an extension of time to file a notice of appeal nunc pro tunc.

---

[13] 28 U.S.C. § 2244(d)(1) (2000).

[14] 28 U.S.C. § 2244(d)(2) (2000).

[15] Lovasz v. Vaughn, 134 F.3d 146, 148 (3d Cir. 1998).

[16] Merritt v. Blaine, 326 F.3d 157, 165-66 (3d Cir. 2003).

The Third Circuit has consistently held that a notice of appeal nunc pro tunc is filed improperly as a matter of state law.[17] In Brown v. Shannon, the Third Circuit noted:

> Pennsylvania law thus did not (and does not) recognize extra-PCRA petitions like Brown's notice of appeal nunc pro tunc. Because such petitions are improperly filed as a matter of state law, it seems doubtful that they may be deemed 'properly filed' within the meaning of § 2244(d)(2). . . .
>
> Permitting petitions not recognized under state law and improperly filed as a matter of state law to toll the limitation period would not seem to promote exhaustion in the manner contemplated by the AEDPA.[18]

In Douglas v. Horn, the Third Circuit expressly rejected a U.S. District Judge's determination in Chhoeum v. Shannon[19] that a petitioner's motion for allowance of appeal nunc pro tunc tolled the statute of limitations until the request had been denied.[20] In Pace v. DiGuglielmo, the U.S. Supreme Court further buttressed this conclusion—"when a postconviction petition is untimely under state law, 'that is the end of the matter' for purposes of § 2244(d)(2)."[21] It is not the province of a federal court to reexamine a state court's determination of state law.[22]

Accordingly, this Court, guided by the Superior Court's holding, affirms that Petitioner improperly filed a nunc pro tunc motion before the PCRA court. Therefore, during the period between July 30, 2004—the date on which Petitioner's ability to appeal the PCRA court's

---

[17] See Douglas v. Horn, 359 F.3d 257, 262 (3d Cir. 2004).

[18] 322 F.3d 768, 775 n.5 (3d Cir. 2003); see also Douglas, 359 F.3d at 262.

[19] 219 F. Supp. 2d 649, 652 (E.D. Pa. 2002).

[20] Douglas, 359 F.3d at 262.

[21] 544 U.S. 408, 411 (2005) (citing Carey v. Saffold, 536 U.S. 214, 226 (2002)).

[22] See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991).

decision lapsed—and July 29, 2005—the date on which the Superior Court quashed Petitioner's PCRA appeal—the running of the limitations period is not statutorily tolled under § 2244(d)(2). Because the improperly filed PCRA appeal did not toll the statute of limitations, Petitioner had until May 13, 2005, to file his federal habeas petition. Petitioner failed to do so, and instead filed the instant Petition on April 5, 2006, nearly eleven months after the statutory deadline.

### B.  Statute of Limitations and Equitable Tolling

"Petitioner concedes that his habeas petition would not be entitled to statutory tolling if this court finds that his appeals [sic] to the State Superior Court and the State Supreme Court were not properly filed."[23] Nonetheless, Petitioner argues that based on his reliance on the PCRA court's order that granted his nunc pro tunc appeal, the Court should equitably toll his federal-habeas statutory deadline.

"The one-year period should be equitably tolled 'only in the rare situation where equitable tolling is demanded by sound legal principles as well as the interests of justice.'"[24] Equitable tolling is appropriate

> only when the principles of equity would make the rigid application of a limitation period unfair. Generally, this will occur when the petitioner has in some extraordinary way been prevented from asserting his or her rights. The petitioner must show that he or she exercised reasonable diligence in investigation and bringing the claims.

The Third Circuit has set forth three circumstances permitting equitable tolling: (1) where the defendant has actively misled the plaintiff; (2) where the plaintiff has in some extraordinary way

---

[23] Pet'r's Traverse to Resp'ts' Resp. [Document No. 16], at 3.

[24] Schlueter v. Varner, 384 F.3d 69, 75 (3d Cir. 2004) (citing Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999)).

been prevented from asserting his rights; or (3) where the plaintiff has timely asserted his rights, but has mistakenly done so in the wrong forum.[25] "In non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling."[26]

Here, Petitioner objects to the R&R and argues that equitable tolling is appropriate on two grounds: first, that the State misled him by initially granting the nunc pro tunc motion; and second, that he was prevented from asserting his rights in a timely manner because the PCRA court failed to inform him or his counsel of the PCRA petition's formal dismissal on June 29, 2004.[27]

Upon independent review of the record, the Court does not find that the State actively misled the Petitioner or that extraordinary circumstances prevented Petitioner from asserting his rights. Although the PCRA court granted Petitioner's nunc pro tunc motion, and Petitioner allegedly relied on the PCRA court's grant of this motion, this does not rise to the level of extraordinary circumstances that equitable tolling is sought to protect. Rather, it was clearly established law at the time Petitioner filed his nunc pro tunc motion that a PCRA court does not have jurisdiction over a matter after the thirty-day period to appeal passes,[28] and that Pennsylvania does not recognize nunc pro tunc motions to appeal filed with the PCRA court.[29] The Court cannot equitably toll the period

---

[25] See Jones, 195 F.3d at 159 (internal quotations omitted).

[26] Fahy v. Horn, 240 F.3d 239, 244 (3d Cir. 2001), cert. denied, 534 U.S. 944 (2001).

[27] Pet'r's Objections to the R&R ¶ 5.

[28] Commonwealth v. Moir, 766 A.2d 1253, 1254 (Pa. Super. Ct. 1997) ("In order to preserve the right to appeal a final order of the trial court, a notice of appeal must be filed within thirty days of the entry of that order."). A trial court loses jurisdiction once thirty days have passed without an appeal having been filed. See 42 Pa.C.S. § 5505.

[29] Douglas, 359 F.3d at 262; Brown, 322 F.3d at 775 n.5.

to file a federal habeas petition based on Petitioner's unjustified reliance on a PCRA court order issued without jurisdiction and unsupported by law. As set forth by the Supreme Court in Pace:

> On petitioner's theory, a state prisoner could toll the statute of limitations at will simply by filing untimely state postconviction petitions. This would turn § 2244(d)(2) into a de facto extension mechanism, quite contrary to the purpose of AEDPA, and open the door to abusive delay.[30]

While Pace specifically addressed statutory tolling rather than equitable tolling, the same analysis holds true in the equitable tolling context. Allowing Petitioner to equitably toll his federal-habeas filing deadline based on an out-of-time filing that was accepted by a court without jurisdiction would open the door to abusive delay, and without clear Third Circuit precedent directing this Court to hold otherwise, the Court declines to equitably toll Petitioner's one-year statute of limitations beyond May 13, 2005. At best, Petitioner's failure to file a timely PCRA appeal, and Petitioner's reliance on an order issued without jurisdiction, evidences attorney error and/or inadequate research—both of which fail to establish the kind of extraordinary circumstances that warrant equitable tolling.[31] Accordingly, Petitioner's April 5, 2006 Petition for Writ of Habeas Corpus is not timely, and will be dismissed. The Court finds, however, that Petitioner has made a substantial showing of the denial of a constitutional right and will therefore issue a Certificate of Appealability on the limited issue of equitable tolling.

---

[30] 544 U.S. at 413.

[31] The Supreme Court in Pace also suggested that a habeas petitioner may avoid the predicament of a statutory bar to filing a habeas petition by filing a "protective" federal habeas petition while a matter is pending before the state court that may not ultimately result in tolling of the habeas statute. 544 U.S. at 416. At no point did Petitioner attempt to file a protective petition with the Court, and Petitioner instead waited nearly eleven months after the Superior Court denied Petitioner's PCRA appeal to file the instant Habeas Petition. This delay counters any argument that Petitioner was reasonably diligent in investigating and bringing his claims.

## III.     CONCLUSION

The Court herein approves and adopts Judge Caracappa's R&R, and the Petition for Writ of Habeas Corpus is dismissed as impermissibly filed outside the one-year statute of limitations. The Court will not, however, approve Judge Caracappa's denial of a Certificate of Appealability, and will instead issue a Certificate of Appealability on the limited issue of equitable tolling.

An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CARLOS SATIZABAL, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>LOUIS FOLINO, et al., )<br>)<br>Respondents. ) | CIVIL ACTION<br>NO. 06-cv-1435 |

FILED
JUN 1 9 2007
MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

### ORDER

AND NOW, this 18th day of June 2007, upon consideration of Petitioner Carlos Satizabal's Petition for Writ of Habeas Corpus [Document No. 1], Respondents' Response thereto [Document No. 13], U.S. Magistrate Judge Linda K. Caracappa's Report and Recommendation ("R&R") [Document No. 17], Petitioner's Objections to the R&R [Document No. 18], and the Response to Petitioner's Objections [Document No. 19], it is hereby **ORDERED** as follows:

1. The R&R is **APPROVED** and **ADOPTED**.

2. The Petition for Writ of Habeas Corpus is **DENIED**.

3. A Certificate of Appealability is **ISSUED** on the limited issue of equitable tolling.

4. The Clerk of Court shall mark this case **CLOSED** for statistical purposes.

It is so **ORDERED**.

BY THE COURT:

*Cynthia M. Rufe*
CYNTHIA M. RUFE, J.