# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CARLOS SATIZABAL,<br>　　　　Petitioner, | :<br>:<br>: |
| v. | :　CIVIL ACTION NO. 06-1435 |
| LOUIS FOLINO, *et al.*<br>　　　　Respondents. | :<br>:<br>:<br>: |

## MEMORANDUM OPINION

**Rufe, J.**                                                                                                                   **November 13, 2012**

      Petitioner, Carlos Satizabal, objects to the Report and Recommendation ("R&R") of Magistrate Judge Linda K. Caracappa, which recommended that the Court deny the petition for a writ of *habeas corpus* filed pursuant to 28 U.S.C. § 2254. Upon consideration of the objections and of the record in this case, the Court will overrule the objections and approve the R&R. In addition, the Court will dismiss Petitioner's recently-filed motion to stay this action and deny his recently-filed motion to file an amended petition.

*Review of the R&R*

      The R&R sets forth the full procedural history, which the Court adopts, noting as is relevant here that the Court initially denied the petition for *habeas corpus* relief, approving an earlier report and recommendation of Magistrate Judge Caracappa that the petition was untimely. The Court also granted a certificate of appealability on the limited issue of equitable tolling.[1] On

---

[1] The PCRA court had granted Petitioner a motion for an extension of time to file an appeal; however, the Superior Court quashed the appeal as untimely, holding that the motion had been filed too late and the PCRA court lacked jurisdiction to grant the extension. R&R at 2-3. Petitioner argued that the time to file his federal petition should have been equitably tolled between the time the appeal was filed and Superior Court quashed the appeal.

appeal, the Third Circuit held that a certificate of appealability on the question of equitable tolling should not have been issued without a finding that Petitioner had made a substantial showing of the denial of a constitutional right.[2] The Court of Appeals remanded with the direction that this Court identify the specific issues on which a substantive showing had been made before determining that a certificate of appealability should be issued on the procedural issue of equitable tolling.[3]

Upon remand, the Court referred the case back to the Magistrate Judge for an evaluation of the potential merits of the petition, and Magistrate Judge Caracappa issued the R&R now at issue, examining Petitioner's claims that (1) the trial court violated his right to due process when it ruled that Petitioner could not present evidence that someone else had a motive for the shooting; (2) appellate counsel was ineffective for failing to raise on direct appeal the exclusion of evidence of a prior shooting of the intended victim in this case; and (3) trial counsel was ineffective for failing to preserve the claim that the verdict was against the weight of the evidence.[4] The R&R carefully evaluated each claim and concluded that the evidentiary decisions of the state courts did not deprive Petitioner of a fair criminal trial or contradict any Supreme Court precedent, and that a claim requiring evaluation of the weight of the evidence is not cognizable in a § 2254 proceeding, where the state courts concluded that the verdict was not against the weight of the evidence.[5]

---

[2] Satizabal v. Folino, No. 07-3056 slip op. at 7 (3d Cir. Mar. 27, 2009).

[3] Id.

[4] R&R at 6.

[5] R&R at 12, 14.

Petitioner has objected to the R&R arguing, as he did in the petition and the briefing, that the exclusion of evidence denied him a fair trial and his counsel was ineffective.[6] Upon careful, *de novo*, review of the record, the Court agrees with the thorough analysis set forth in the R&R and will overrule Petitioner's objections. Petitioner has failed to overcome the hurdle of the deference afforded to state courts on evidentiary matters, and counsel cannot be deemed ineffective if the underlying claims lack merit, as they do here.[7]

*Motions to Stay and to Amend*

Petitioner recently filed two motions. The first, a motion "for stay and abeyance," requests that the case be held in abeyance so that Petitioner can exhaust state-court remedies to challenge his conviction based on the Supreme Court's recent decision in Martinez v. Ryan.[8] The motion will be dismissed as moot, because a review of the state-court docket reveals that Petitioner filed an amended PCRA petition on May 17, 2012 that was supplemented on June 28, 2012.[9] The petition was denied as untimely by the Philadelphia Court of Common Pleas on August 6, 2012, and it appears that Petitioner did not file an appeal.[10]

The motion to amend will be denied; it seeks to amend the petition in this Court to assert

---

[6] To the extent Petitioner raises new arguments of ineffectiveness for the first time in the objections, such arguments are not properly before the Court.

[7] See, e.g., Estelle v. McGuire, 502 U.S. 62, 67 (1991); Strickland v. Washington, 466 U.S. 668, 690 (1984).

[8] 132 S. Ct. 1309 (2012). In Martinez, the United States Supreme Court held that a prisoner may establish cause for the procedural default of an ineffective assistance of counsel claim by demonstrating that his or her counsel in an "initial-review collateral proceeding" provided ineffective assistance of counsel. What the Supreme Court termed "initial-review collateral proceedings" are collateral proceedings that "provide the first occasion to raise a claim of ineffective assistance at trial." Id.

[9] Commonwealth v. Satizabal, No. CP-51-CR-0707171-1999 (Phila. Ct. Comm. Pl.).

[10] Id. A search of the appellate court dockets in Pennsylvania revealed no pending appeals by Petitioner.

3

a claim of ineffective assistance of counsel pursuant to Martinez and a claim that Petitioner received an illegal sentence. Petitioner is before this Court pursuant to the Third Circuit's remand, which was limited to the question of the issuance of a certificate of appealability in the context of the petition as filed. An amendment at this stage of the proceedings would not be appropriate. Should Petitioner wish to file a successive petition, he must first obtain permission from the Court of Appeals to do so.[11]

*Certificate of Appealability*

Having determined that Petitioner has not made a substantial showing of the denial of a constitutional right, the Court holds, in accordance with the judgment of the Court of Appeals, that a certificate of appealability should not issue. There is no basis for concluding that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."[12]

---

[11] 28 U.S.C. § 2244.

[12] Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal citation omitted). Had Petitioner shown that his substantive claims had merit, the Court would have found that a certificate of appealability on the question of equitable tolling should issue. The question of whether equitable tolling should apply when the PCRA court granted leave to file an appeal *nunc pro tunc* and Superior Court later quashes the appeal has resulted in conflicting rulings in this District. Compare Furman v. Sauers, No. 11-4342, 2012 WL 3731775 (E.D. Pa. Aug. 29, 2012) (DuBois, J.) (holding that equitable tolling applied) with Downey v. Gavin, No. 11-4507, 2012 WL 252832 (E.D. Pa. Jan. 27, 2012) (Robreno, J.) (holding that equitable tolling did not apply).